UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION


FILED
APR 30 2018

| | |
|---|---|
| LARRY D. SHARPFISH, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>JON S. FLEMMER, KERRY M. CAMERON, ROBERT J. DOODY, CPL. KOREY WARE,<br><br>Defendants. | 1:18-CV-01011-CBK<br><br>ORDER |

Plaintiff is incarcerated at the South Dakota State Penitentiary serving sentences for ingestion of a controlled substance and assault by an adult confined in jail. He has filed a complaint pursuant to 41 U.S.CD § 1983 against the state circuit court judge presiding over his criminal cases in Roberts County, the Roberts County state's attorney, the Chief Public Defender for the Sisseton-Wahpeton Oyate, and a Sisseton, South Dakota, police officer. He claims defendants violated his Fourth, Fifth, and Eighth Amendment rights. He seeks a remand for resentencing before a different judge.

Plaintiff filed an application to proceed without the prepayment of the filing fee. Under the Prison Litigation Reform Act, "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Plaintiff must pay the full $350 filing fee notwithstanding whether or not the matter is subsequently dismissed as frivolous after review under 28 U.S.C. § 1915(e)(2). A prisoner must pay, as an initial partial filing fee, 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance of the prisoner's account for the last six months. 28 U.S.C. § 1915(b)(1)(A) and (B). The Court finds that plaintiff is required to make an initial partial filing fee of $9.40.

The Prison Litigation Reform Act requires the Court to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). I am required to give the plaintiff's *pro* se complaint liberal construction and identify any discernable cognizable claim. Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015). I have conducted an initial review as required by § 1915A.

The United Sates Supreme Court has held that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S. Ct. 1242, 1245, 161 L. Ed. 2d 253 (2005) (*quoting* Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Further, "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Karsjens v. Piper, 845 F.3d 394, 406 (8th Cir. 2017) (*quoting* Edwards v. Balisok, 520 U.S. 641, 643, 117 S.Ct. 1584, 1586, 137 L.Ed.2d 906 (1997)). Plaintiff is seeking to challenge his state court conviction and sentence. "He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. at 78, 125 S.Ct. at 1245.

Plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because this matter is frivolous.

Now therefore,

IT IS ORDERED:

1. Plaintiff's application, Doc 2, to proceed without the prepayment of the filing fee is granted.

2. Plaintiff shall pay an initial filing fee in the amount of $9.40 to the Clerk of the U.S. District Court.

3. Whenever the amount in plaintiff's trust account exceeds $10.00, the institution having custody of the plaintiff is hereby directed to forward monthly payments that equal

20% of the funds credited the preceding month to the plaintiff's trust account to the U.S. District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid in full.

4. This matter is dismissed.

5. The disposition of this matter is a "strike" under 28 U.S.C. § 1915(g).

6. Pursuant to 28 U.S.C. § 1915 and Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997), plaintiff is notified that, if he decides to appeal this order of dismissal to the United States Court of Appeals for the Eighth Circuit:

> (a) The filing of a notice of appeal from this order by plaintiff, a prisoner, makes the prisoner liable for payment of the full $455 appellate filing fees regardless of the outcome of the appeal.
>
> (b) By filing a notice of appeal the prisoner consents to the deduction of the initial partial appellate filing fee and the remaining installments from the prisoner's prison account by prison officials.
>
> (c) Plaintiff, a prisoner, must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing any notice of appeal.
>
> (d) Failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

DATED this 30th day of April, 2018.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge